O’CONNELL, Justice.
On June 6, 1961 there was served upon the respondent, Howard Alan Meyers, a member of The Florida Bar, a complaint charging him with offenses warranting discipline under the provisions of Article XI of the Integration Rule of The Florida Bar, 31 F.S.A. Therein he was alleged to have been guilty of professional misconduct consisting of grand larceny, forgery of promissory notes, and uttering forged instruments, “all of which crimes or offenses constituted felonies under the laws of Florida.”
The complaint alleged respondent had plead guilty to such charges in the Criminal Court of Record of Dade County and was accordingly convicted upon seventeen separate criminal charges. Respondent' was therefore accused in the complaint of having violated Rule 28 of Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A., and the second paragraph of Article XI of the Integration Rule of The Florida Bar, supra, “in that as a lawyer, Respondent committed acts contrary to honesty, justice or good morals in the course of his relations as an attorney or otherwise.”
Respondent’s answer admitted the allegations of the complaint and waived notice of hearings thereon and of the right to be present or have counsel to represent him at such hearings,
Consequently, the hearing was held before a referee without the presence of respondent or counsel for respondent. The finding of the referee was that the respondent was guilty of professional misconduct as charged in the complaint. He found that the respondent was guilty of numerous acts and deeds involving and amounting to moral turpitude, which acts had occurred over a considerable period of time and formed a constant pattern, “the fruition of which amounts to absolute and total abandonment of the moral virtues.” The referee found that these deeds of misconduct occurred “while acting in his capacity and within the sphere of his law practice.”
It was the recommendation of the referee that the respondent be disbarred and forever enjoined from the practice of law in this state and that his name be stricken from the rolls of membership of The Florida Bar. He submitted his report to the Board of Governors of The Florida Bar.
The board reviewed the referee’s report, approving and adopting his findings of fact and his disciplinary recommendation. The board adjudged the respondent to be guilty, of unprofessional conduct as charged and ordered that he be disbarred. This judgment and the record of the proceedings was filed with the Clerk of this Court on July 24, 1961.
More than 30 days having now elapsed since the filing with the Clerk of this Court *554 of the judgment of the Board of Governors of The Florida Bar, together with the record of the proceedings, and no petition for review of such judgment having been filed, and this Court having duly considered the record in said cause and said recommendations, it is thereupon ordered that the judgment of the Board of Governors of The Florida Bar that the respondent, Howard Alan Meyers, be disbarred from the practice of law be approved, and said respondent is hereby disbarred from the practice of law in this State.
ROBERTS, C. J., and TERRELL, THOMAS and THORNAL, JJ., concur.